IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>    Defendants,<br><br>INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION,<br><br>    Intervenors.<br>_____/ | No. C 10-3724 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO ASSERT CLAIMS AGAINST THIRD PARTY DEFENDANTS SILICON INTEGRATED SYSTEMS, INC. AND ORACLE CORPORATION (Docket No. 754) AND GRANTING SILICON INTEGRATED SYSTEMS CORPORATION'S MOTION TO DISMISS AND QUASH (Docket No. 731) |

Plaintiff U.S. Ethernet Innovations, LLC (USEI) moves for leave to assert claims alleging infringement of United States Patent Nos. 5,307,459, 5,434,872, 5,732,094, and 5,299,313 against Third Party Defendants Silicon Integrated Systems Corporation (SiS) and Oracle Corporation.  Oracle opposes the motion.  SiS has not filed a response to the motion.  Silicon Integrated Systems Corporation (Taiwan) (SIS-TW) moves to dismiss the third party complaint filed against it by Third-Party Plaintiffs ASUSTek

Computer Inc. (ASUSTek) and ASUS Computer International (ACI). ASUSTek and ACI oppose SiS-TW's motion.

For the reasons set forth below, the Court DENIES USEI's motion and GRANTS SiS-TW's motion.

I. SiS-TW's motion to dismiss

A. Personal jurisdiction

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. The plaintiff then bears the burden of demonstrating that the court has jurisdiction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). To satisfy this burden, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Uncontroverted allegations in the complaint must be taken as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). However, the court may not assume the truth of such allegations if they are contradicted by affidavit. Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977). If the plaintiff also submits admissible evidence, conflicts in the evidence must be resolved in the plaintiff's favor. AT&T, 94 F.3d at 588.

There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990); Data Disc, Inc., 557 F.2d at 1286. Because California's jurisdictional statute is co-extensive with federal due process requirements, jurisdictional inquiries under state law

2

and federal due process standards merge into one analysis. Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause unless the defendant has sufficient "minimum contacts" with the forum state that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be either general or specific. ASUSTek and ACI assert that both exist here. General jurisdiction exists when the defendant maintains significant contacts with the forum state, even if the cause of action is unrelated to those contacts. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Specific jurisdiction, in contrast, exists when the cause of action arises out of the defendant's contacts with the forum state, even if those contacts are isolated and sporadic. Data Disc, 557 F.2d at 1287.

1. General jurisdiction

"'A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.'" Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223-1224 (9th Cir. 2011) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011)). "For general jurisdiction to exist, a defendant must engage in 'continuous and systematic general business contacts' . . . that 'approximate physical presence' in the forum state . . . ." Id.

3

at 1223-24 (internal citations omitted). The standard is an "exacting" one and "is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" Id. at 1224 (citation omitted, (alterations in original). "To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, we consider their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" Id. (quoting Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir. 2006). The Ninth Circuit has observed that the "Supreme Court has found general personal jurisdiction over a non-resident defendant in only one case." Id. (citing Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 447-48 (1952)).

SiS-TW asserts that it is a Taiwanese corporation and is a separate legal entity than Silicon Integrated Systems Corporation (USA) (SiS-USA). It argues that the Court is unable to assert personal jurisdiction over it based simply on the relationship between it and SiS-USA, which is a California corporation.[1]

---

[1] The Court notes that ASUSTek and ACI have not brought claims against SiS-USA in their third party complaint. In their pleading, ASUSTek and ACI have asserted claims against a single party, "Silicon Integrated Systems Corp.," which they allege to be a "Taiwanese company with a principal place of business" in Taiwan. Third-Party Compl. ¶ 5. They allege that this entity "is registered in California to do business," id. at ¶ 6, but do not purport to bring claims against a California company.

4

SiS-TW has filed a declaration attesting to the following facts, among others.  Its operations are based solely in Taiwan, it does not have an office in California and it does not have any employees, officers, directors or managing agents located in California or elsewhere in the United States.  Chen Decl. ¶¶ 3-4, 6.  It is not registered to do business and does not have a mailing address in California or the United States.  Id. at ¶¶ 5, 7.  It does not own property, pay taxes or file tax returns in California or the United States, does not have assets or service locations in those areas and does not sell the products at issue there.  Id. at ¶¶ 9-12.

SiS-TW attests that it entered into a purchase order agreement with ASUSTeK, which is also a Taiwanese company, in Taiwan, and sold and delivered its products to ASUSTeK there or in China.  Id. at ¶¶ 13-14, 21; Third-Party Compl. ¶ 5.  It also states that it has no control or direction over where ASUSTeK sells its products and that, while it "is aware that ASUSTeK sells its products worldwide including the United States in general, SiS-TW has no knowledge as to where ASUSTeK specifically sells its products in the United States."  Chen Decl. ¶ 16.

As to its relationship with SiS-USA, SiS-TW states that it "is the grandparent organization of SiS-USA in a chain of companies," specifically that SiS-USA is a wholly-owned subsidiary of a Cayman Islands company that is in turn a wholly-owned subsidiary of SiS-TW.  Id. at ¶ 27.  It attests that the two entities maintain separate business records, external CPAs and bank accounts.  Id. at ¶ 28.

5

ASUSTeK and ACI do not contest "that a subsidiary's contacts with California do not, standing alone, confer jurisdiction on a parent corporation" but contend that SIS-TW has "taken over the role of the US entity" and now has sufficient minimum contacts with California to support the exercise of general jurisdiction. Docket No. 782, 2. The Ninth Circuit has recognized that, "'if the parent and subsidiary are not really separate entities, or one acts as an agent of the other, the local subsidiary's contacts with the forum may be imputed to the foreign parent corporation.'" Doe v. Unocal Corp., 248 F.3d 915, 926 (9th Cir. 2001) (quoting El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996)). "An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations." Id. (citing Kramer Motors, Inc. v. British Leyland, Ltd., 628 F.2d 1175, 1177 (9th Cir. 1980)).

ASUSTeK and ACI state that, in an answer filed in the Eastern District of Texas last year, SiS-TW "admitted" that "[o]n November 18, 2008, SIS America decided to discontinue operations in the United States; since then, SIS Taiwan has assumed responsibility for United States sales." Opp. at 2 (citing Brigham Decl., Ex. 5). They also assert that SiS-TW has filed a joint financial report for itself and its subsidiaries and that an officer of the American entity was a named inventor on seven United States patents that were assigned to the Taiwanese entity. Id. (citing Brigham Decl., Exs. 1-4).

These facts are not sufficient to show that SiS-TW maintained "continuous and systematic" business operations in California or that SiS-US is the agent or alter-ego of SiS-TW. See Doe, 248

6

F.3d at 926-29 (explaining the requirements to show that an agency or alter-ego relationship). Accordingly, the Court finds that ASUSTeK and ACI have not met their burden to show that it has general jurisdiction over SiS-TW.

### 2. Specific jurisdiction

Specific jurisdiction exists when the cause of action arises out of the defendant's contacts with the forum state, even if those contacts are isolated and sporadic. Data Disc, 557 F.2d at 1287. Courts in this circuit use a three-prong test to determine whether they may assert specific jurisdiction in a particular case: (1) the foreign defendant must purposefully direct its activities or consummate some transaction with the forum or a resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting business in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). Each of these conditions must be satisfied to assert jurisdiction. Insurance Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981).

ASUSTeK and ACI have not met their burden to meet the purposeful direction or availment prong of this test. They assert "the Taiwan entity has admitted it is responsible for the US entity's previous sales activities through the United States." Docket No. 782, 7. This is not correct. SiS-TW did not admit that it took responsibility for previous sales activity. Instead, it has admitted that, since SiS-US discontinued its United States

7

operations in 2008, SIS-TW had assumed responsibility for United States sales. However, there is no evidence that there have been any United States sales activity during that period or that any such activity took place within California.

### 3. Jurisdictional discovery

ASUSTeK and ACI request permission to pursue jurisdictional discovery. SiS-TW opposes the request.

Jurisdictional "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Laub v. United States DOI, 342 F.3d 1080, 1093 (9th Cir. 2003). "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . ." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir. 1995)).

While there is not presently evidence of ongoing sales, in light of SiS-TW's admitted assumption of responsibility for United States sales in 2008, jurisdictional discovery is appropriate here. Accordingly, ASUSTeK and ACI's request is granted.

### B. Sufficiency of service

SiS-TW further moves to dismiss under Rule 12(b)(5) on the basis that it was not properly served with the third party complaint.

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). A court may dismiss

8

the action without prejudice pursuant to Rule 12(b)(5).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)).

The certificate of service shows that ASUSTeK and ACI served Isabel Chiu by personal service on January 23, 2013.  Docket No. 684.  SiS-TW attests that Ms. Chiu is the registered agent for service of process in the California for SiS-US, that she is not authorized to accept service on behalf of SiS-TW, that she has never had any relationship with SiS-TW and that it does not have an authorized agent for service of process within the state.  Chiu Decl. ¶¶ 22-25.

ASUSTeK and ACI assert, without any citation to supporting authority, that, because "SiS took the place of its California subsidiary," service upon the subsidiary's registered agent constituted sufficient service.  Docket No. 782.  However, even assuming that such service could under some circumstances be proper, SiS-TW did not "take the place of" SIS-US; instead, it assumed responsibility for United States sales after 2008.

"Where service of process is insufficient, the court has the option of dismissing the action or quashing the service and retaining the case."  O'Haire v. Napa State Hosp., 2010 U.S. Dist. LEXIS 37881, at *7 (N.D. Cal.) (citation omitted).  "Generally service will be quashed in those cases in which there is a reasonable prospect that the plaintiff will be able to serve the defendant properly."  Id. (internal quotation marks and citations

9

omitted).  Here, it appears that there is a reasonable prospect that ASUSTeK and ACI will be able to serve SiS-TW properly.  Thus, the Court quashes service but does not dismiss the third party complaint at this time.

### C. Claims by ACI

Finally, SiS-TW argues that the indemnity claims by ACI should be dismissed because ACI was not a party to the purchase agreement and cannot enforce any rights under the agreement.

ACI does not dispute that it was not a signatory to the agreement.  Instead, it contends that it was a wholly owned subsidiary of ASUSTeK, as alleged in the third party complaint, and that it is responsible for sales and distribution of ASUSTeK's products in the United States, which was not alleged in the third party complaint.  It contends that it is thus able to enforce the indemnity provision because that provision states in relevant part,

> "If Asustek suffers from any prosecution, claim, allegation, appeal, request, action or other legal procedures because the supplier breaches the above guarantees, the supplier shall agree to defend Asustek and its directors, executives, employees, successors, assignees, agents and clients and compensate them for any loss, damage, responsibility and expenses incurred thereby (including reasonable attorney fees and legal fees)."

Brigham Decl., Ex. 8.  ASI also contends that it is a third party beneficiary of the agreement.  However, although ASI may fall under this provision or may be a third party beneficiary of the agreement, it has not plead facts sufficient to allege such a conclusion at this time.

10

Accordingly, the Court grants SiS-TW's motion to dismiss ACI's claims. This dismissal is without prejudice to ACI amending the complaint to resolve this deficiency.

II.  USEI's motion for leave to file

A. Background

On January 17, 2013, the Court granted ASUSTek and ACI leave to file a third-party complaint against SiS. Docket No. 679. In their motion and proposed third-party complaint, they had alleged that SiS sold them products that they then incorporated into their own goods and that SiS's products provide the functionality in their goods that USEI was accusing of infringing its patents. USEI had opposed the motion for leave, arguing that impleader of SiS would unnecessarily complicate issues at trial.

On February 5, 2013, Defendant Apple, Inc. filed a motion for leave to file a third party complaint against Oracle. Apple asserted that USEI had accused "certain Apple products of infringing the patents-in-suit based on their use of Ethernet technology supplied by Sun Microsystems," which was subsequently acquired by Oracle. Docket No. 685.

On February 19, 2013, the Court entered a scheduling order requiring that "any party who wishes to add a party or claims" must "file a motion seeking leave to do so" by March 14, 2013. Docket No. 691.

Thereafter, USEI moved for leave to assert claims against SiS, as well as against Oracle and any other third parties that the Court allowed into the related cases.

On April 18, 2013, the Court granted Apple's motion and denied USEI's motion. Docket No. 734. The Court noted that USEI

11

had not stated "what claims it would like to assert against these parties" and had failed to submit "a proposed amended complaint setting forth the claims it seeks to bring against any of these parties" as required by the Civil Local Rules. The Court specified, "This denial is without prejudice to USEI filing a renewed motion for leave to amend to assert claims against these parties, provided that it attaches its proposed amended pleading to any such motion." Id. at 7.

B. Legal standard

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Where a schedule has been ordered, a party's ability to amend its pleading is governed by this good cause standard, not the more liberal standard of Rule 15(a)(2). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. Id. at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Courts consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the plaintiff has previously amended the complaint. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

C. Discussion

In its motion, USEI did not attempt to show that its proposed amendment would satisfy the requirements of either Rule 15 or 16. In its opposition, Oracle argues that it would be prejudiced by the proposed amendment, that USEI has unjustifiably delayed in the seeking leave to assert claims against Oracle and that USEI has previously amended its complaint.

Even applying the more lenient Rule 15 standard, the Court finds that Oracle has met its burden to show that USEI unreasonably delayed in bringing it into this litigation and that Oracle was prejudiced as a result of this delay.  Specifically, Oracle points out that, by April 2010, USEI knew that it was challenging Oracle's technology, because at that time, USEI purportedly served Apple with supplemental infringement contentions that identified Oracle Ethernet technology, specifically the "Sun GEM Ethernet Controller Family," incorporated into certain Apple products as the bases for its alleged infringement.  Allowing USEI to assert infringement contentions against Oracle now would be unduly prejudicial because, among other things, it would be deprived of the opportunity to participate in the claim construction proceedings that have already taken place and the dispositive summary judgment that is now pending.

USEI argues that it acted quickly to add Oracle to the case once "the possibility of Oracle joining the litigation arose" when Apple filed its motion to bring indemnification claims against Oracle and asserts that Oracle could have intervened in the case to protect its interests.  However, USEI does not dispute that it

13

was aware of the factual basis for the claims that it seeks to assert more than two years before it made any attempt to add Oracle to this litigation.  That Oracle could hypothetically have affirmatively sought to be part of this litigation does not excuse USEI's unreasonable delay.

USEI further contends that any possible issue of prejudice that would result from adding Oracle has already been resolved because the Court permitted Apple to assert claims against it. However, as Oracle points out, the claims presently asserted against it by Apple do not implicate all of the claims that USEI seeks to make now.  For instance, USEI is very clear in its reply that it seeks to accuse more of Oracle's products than those associated with already-accused Apple products.  Further, although Oracle is now a party to this action, it is not presently involved in all issues raised in this case.  Oracle has admitted that it sold Apple Ethernet technology that USEI is now accusing of infringement.  The issue between Oracle and Apple is whether Oracle is required to pay for Apple's defense costs and any potential settlement or judgment in this case and whether Apple's indemnification claim is barred based on one of Oracle's various defenses, such as estoppel, laches and breach of contract based on Apple's failure to provide it with reasonably prompt notice of USEI's infringement claims.  These claims are very different than infringement allegations asserted directly against Oracle. Accordingly, the Court denies the USEI's motion to assert claims against Oracle.

Finally, USEI moves to assert claims against "Silicon Integrated Systems Corporation," which it alleges is a company

14

organized and existing under the laws of California. Proposed Second Am. Compl. ¶ 14. USEI's motion to assert claims against SiS-USA is dependent on it already being a party to this case as a result of the third party complaint. However, as noted above, SiS-USA was not named as a defendant in the third party complaint. Further, the Court has granted the motion to dismiss the third party complaint against SiS-TW, the only SiS entity that was named in that pleading. Accordingly, the Court denies USEI's motion for leave to assert claims against SiS-USA.

## CONCLUSION

For the reasons set forth above, the Court DENIES USEI's motion for leave to assert claims against Oracle and SiS-USA and GRANTS SiS-TW's motion to quash and dismiss.

ASUSTeK and ASI are granted leave to file an amended third party complaint within seven days of the date of this Order and shall serve it within twenty-one days thereafter. After service is effectuated, and provided that it is not quashed, they may engage in limited jurisdictional discovery with SiS.

This Order resolves Docket Nos. 754 and 731.

IT IS SO ORDERED.

Dated: 8/7/2013

CLAUDIA WILKEN
United States District Judge